## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Bedes Ndenge,**

      Petitioner,

v.

**Alberto Gonzales, et al.,**

      Respondents.

**Civil No. 07-1726 (MJD/JJG)**

**REPORT
AND
RECOMMENDATION**

---

      This matter comes to the undersigned on Bedes Ndenge's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1).  Mr. Ndenge is proceeding on his own behalf.  Respondent Alberto Gonzales, a party in his official capacity as the Attorney General of the United States,[1] is represented by Mary J. Madigan, Assistant U.S. Attorney.  The petition is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1.

      To briefly review the facts, Mr. Ndenge is a citizen of Cameroon.  After his application for asylum was denied, immigration officials issued an order of removal.  Mr. Ndenge mounted several challenges to the order, which has consistently been upheld in proceedings before other courts.

      Immigration officials took Mr. Ndenge into custody in September 2006 and detained him at a county jail in Minnesota.  Because he has refused to execute travel documents, immigration

---

[1] Mr. Gonzales has resigned from this office, which is now occupied by the Honorable Michael Mukasey.  The current Attorney General, in his official capacity, is the real party in interest.  But this change is immaterial to a decision on the merits here.

officials cannot remove Mr. Ndenge to Cameroon.  (*See* Admin. Rec. at 83 (Memo. of R. Van Zee, Mar. 12, 2007.)

Mr. Ndenge then filed his current petition for a writ of habeas corpus on April 24, 2007, in which he chiefly challenged the order of removal.  In an order on May 7, 2007, Judge Michael J. Davis denied the petition in part, reasoning that the court lacked subject matter jurisdiction to consider any challenges to the order of removal.  The order further ruled that the only surviving issue in the petition was whether his indefinite, continued detention violates due process.

This issue is controlled by the decision of the U.S. Supreme Court in *Zadvydas v. Davis*. 533 U.S. 678 (2001).  The Court recognized that, if an alien is detained for a longer period than allowed under immigration statutes, and the alien shows "no significant likelihood of removal in the reasonably foreseeable future," then continued detention violates due process and the alien is properly released.  *Id.* at 701.

But where an alien will not cooperate with efforts to procure travel documents to another country, the alien does not meet the burden of showing no significant likelihood of removal.  The reasoning is that, where the timing of removal is controlled by an uncooperative alien rather than immigration officials, there is no meaningful way to ascertain the likelihood of removal.  *Lema v. Immigration & Nationalization Serv.*, 341 F.3d 853, 856-57 (9th Cir. 2003); *see also Hydara v. Gonzales*, No. 07-941, 2007 WL 2409664 (D.Minn. Aug. 21, 2007); *Kanteh v. Ridge*, No. 05-313, 2005 WL 1719217 (D.Minn. June 30, 2005).

Because Mr. Ndenge refuses to cooperate in the execution of travel documents, he cannot challenge the duration of his detention.  For this reason, his petition for a writ of habeas corpus is appropriately denied.

Mr. Ndenge has two pending motions that require some brief discussion. One is a motion for the appointment of counsel (Doc. No. 2). In cases involving a petition for a writ of habeas corpus under § 2241, a court may appoint counsel for the petitioner as required by the interests of justice. When deciding whether it is suitable to appoint counsel, a court considers the legal and factual complexity of the petition, and the petitioner's ability to present the claims, among other factors. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

Where the claims in the petition are not particularly complex, and those claims otherwise fail on their merits, it is not an abuse of discretion to deny appointment of counsel. *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000). As the preceding analysis shows, the analysis in this matter is not complex. Mr. Ndenge has ably presented his claims, but none have merit. For these reasons, appointment of counsel is properly denied.

The remaining motion is one to add a respondent to the petition (Doc. No. 6), which may be framed as a motion to amend the petition. Mr. Ndenge raises two distinguishable arguments in this motion. He contends that Martin Arrendondo, an immigration official, interfered with his efforts to challenge the order of removal. And he separately argues that he received inadequate dental care in the course of his detention, but he offers no allegations to substantiate this issue.

Where a petitioner seeks to amend a petition for a writ of habeas corpus, the amendment may be denied where it is futile and the petitioner has no cause for relief. *See Perry v. Norris*, 107 F.3d 665, 667 (8th Cir. 1997).

To the extent Mr. Ndenge makes allegations against Mr. Arrendondo, the claim in effect challenges his order of removal. Consistent with Judge Davis' order of May 7, no subject matter jurisdiction is permitted over such matters here. Regarding the complaint about dental care, the motion lacks any allegations about the time or place that Mr. Ndenge received such care. And it

is also questionable whether Mr. Ndenge may even use a habeas petition, under § 2241, to make

this claim.  *See Archuleta v. Hedrick*, 365 F.3d 644, 647 (8th Cir. 2004).  Due to the deficiencies

in his proposed motion to amend, this motion is appropriately denied as well.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY**

**RECOMMENDED THAT:**

1.      Mr. Ndenge's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc.

No. 1) be **DENIED.**

2.      Mr. Ndenge's motion for appointment of counsel (Doc. No. 2) be **DENIED.**

3.      Mr. Ndenge's motion to add a respondent (Doc. No. 6) be **DENIED.**

4.      This matter be dismissed in its entirety and judgment entered.

Dated this 31st day of January, 2008.                    /s      *Jeanne J. Graham*

                                                            JEANNE J. GRAHAM
                                                            United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation
by filing and serving specific, written objections by **February 14, 2008**.  A party may respond to
the objections within ten days after service thereof.  Any objections or responses filed under this
rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination
of those portions to which objection is made.  Failure to comply with this procedure shall forfeit
review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are
prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a
transcript of the hearing in order to resolve objections made to this report and recommendation,
the party making the objections shall timely order and cause to be filed within ten days a
complete transcript of the hearing.